**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

EVERY DONELLE RICHARDSON,
ADC #139311                                                                                    PLAINTIFF

V.                                        5:12CV00250 BSM/JTR

WENDY KELLEY, Deputy Director,
Arkansas Department of Correction, et al.                                      DEFENDANTS

## ORDER

Plaintiff has recently filed a Motion for Sanctions alleging that Defendant Hubbard failed to properly comply with a discovery Order. *Doc. 73.* Specifically, on October 18, 2013, the Court ordered Defendant Hubbard to file a Supplemental Answers to discovery that clarified whether the infection on Plaintiff's right ankle was cultured to determine the specific kind of bacteria involved, and if so, the name of the bacterial infection. *Doc. 71.* The Court further ruled that, if the bacterial infection was E. coli, Defendant Hubbard must produce documents regarding the proper treatment for E. Coli and the possible complications if that infection is not properly treated. *Id.*

In her Supplemental Answers, Defendant Hubbard explained that a culture demonstrated that the wound was infected with "a moderate growth of Enterococcus Faecalis and a heavy growth of E. coli." *Doc. 72 at 3.* Defendant Hubbard did not

produce any documents regarding the proper treatment for E. Coli or the possible complications if that infection is not properly treated. Instead, she referred Plaintiff to the Affidavit of Dr. Glen Babich, which was attached to her Motion for Summary Judgment. *Id.* Dr. Babich's Affidavit is an eight page chronology of the medical care Plaintiff *actually received* for his right ankle, both before and after Defendants learned that it was infected with E. coli. *Doc. 55, Ex. C.* The Affidavit does not describe the *usual or generally accepted course of treatment* for E. coli infections or the *possible complications* if that infection is not properly treated.

    Thus, the Court agrees with Plaintiff that Defendant Hubbard's Supplemental Answer was improper because she did not produce the requested documents or refer to documents describing the proper treatment for E. coli and the possible complications if that infection is not properly treated. However, in her Response to the Motion for Sanctions, Defendants Hubbard now explains that she does not have any documents that are responsive to that discovery request. *Doc. 72.*

    The Court cannot order Defendant Hubbard to produce what she does not posses. Additionally, sanctions are unwarranted because Plaintiff has not demonstrated that he incurred any expenses in filing his Motion for Sanctions or that he was prejudiced by the delay in learning that Defendant Hubbard does not have any documents that are responsive to his discovery request.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Sanctions (Doc. 73) is DENIED.

Dated this 24th day of December, 2013.

_____
UNITED STATES MAGISTRATE JUDGE